Jobe v Chelsea Hotel Owner LLC (2021 NY Slip Op 05397)





Jobe v Chelsea Hotel Owner LLC


2021 NY Slip Op 05397


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 161445/19 Appeal No. 14308-14308A Case No. 2020-04452 2020-04486 

[*1]Linda Jobe, et al., Plaintiffs-Appellants,
v
Chelsea Hotel Owner LLC, Defendant-Respondent. 


Leon I. Behar, P.C., New York (Mitchell P. Heaney of counsel), for appellants.
Kasowitz Benson Torres LLP, New York (Jennifer S. Recine of counsel), for respondent.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered
November 10, 2020, dismissing the complaint, unanimously reversed, on the law, with costs, the judgment vacated, and the complaint reinstated. Appeal from order, same court and Justice, entered October 29, 2020, which granted defendant's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to defendant's contention, the allegations in the complaint are sufficiently specific to state a cause of action for breach of the warranty of habitability implied in every residential lease (see Real Property Law § 235-b). For example, plaintiffs allege rodent and insect infestation, freezing conditions, lack of building security, and waste-line failure (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 328 [1979], cert denied 444 US 992 [1979]). These allegations also provide sufficient notice of the claims plaintiffs intend to prove at trial (see CPLR 3013; Robinson v Day, 103 AD3d 584, 587 [1st Dept 2013]), and could support an award of punitive damages, if defendant's acts or inaction were shown to be intentional and malicious (Minjak Co. v Randolph, 140 AD2d 245, 249-50 [1st Dept 1988]).
Substantially the same allegations that support the claim for violation of the warranty of habitability also state a cause of action for private nuisance (see 61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 334 [1st Dept 2010], mod on other grounds 16 NY3d 822 [2011]).
The complaint states a cause of action for harassment under Administrative Code of City of NY §§ 27-2005(d) ("The owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling as set forth in paragraph 48 of subdivision a of section 27-2004 of this chapter") and 27-2115(m) (providing for imposition of a civil penalty). The complaint alleges, among other things, that defendant attempted to physically take the garden area of the apartment of one of the plaintiffs for its own use and that there were repeated interruptions in essential services, including the building's fire safety system, calculated to cause plaintiffs to vacate their apartments (see Administrative Code § 27-2004[a][48]). Further, Supreme Court is "a court of competent jurisdiction" for the purposes of Administrative Code of City of NY § 27-2115(m)(2), the provision under which plaintiffs seek relief.
This Court is mindful that a motion to dismiss is in issue. Supreme Court has jurisdiction to entertain plaintiffs' claim for permanent injunctive relief preventing defendant from continuing their partial demolition of the tunnel that carries steam heat from the Hotel Chelsea to the building where plaintiffs reside. Plaintiffs allege a breach of their respective leases, which according to the complaint expressly provided that the apartments would be heated with steam. If the leases so provided, there was no reason for plaintiffs to exhaust administrative [*2]remedies before commencing their plenary action. Further, plaintiffs stated a cause of action by alleging that the electric heating system which defendant intends to introduce will be dangerous in a building lacking adequate sprinklers or fireproof construction, and where the elimination of steam heat in the tunnel will cause waste and water lines situated inside the tunnel to freeze, burst, thereby creating a hazardous condition that would affect their apartments. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021